IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRY EDWARDS,        ) | |
|     Plaintiff,        ) | |
| vs.        ) | No.  3:14-CV-3767-L-BH |
|         ) | |
| TEXAS BOARD OF        ) | |
| PARDONS and PAROLES,        ) | |
|     Defendant.        ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this pro se prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.

## I.  BACKGROUND

Terry Edwards (Plaintiff), an inmate confined in the Texas Department of Criminal Justice's Coffield Unit, brings this action under 42 U.S.C. § 1983 against the Texas Board of Pardons and Paroles (BPP). (Compl. Style; § IV(B)). He claims that the BPP has violated his constitutional rights under the Ex Post Facto and Due Process clauses of the United States Constitution by using parole guidelines that were enacted after he began to serve his sentence to deny him release on parole. (Compl. § V). He seeks "a Federal Court Declaration and Injunction or [an order] that the [BPP], grant him an immediate parole hearing in accordance with the statutory laws and administrative rules in place when he committed his crimes and was sentenced." (Compl. § VI). No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his

complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff brings this action against BPP under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A. **Eleventh Amendment Immunity**

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001). The State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983, however. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).[1]

As a division of the Texas Department of Criminal Justice (TDCJ), the BPP is cloaked with Eleventh Amendment immunity. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). Plaintiff's § 1983 claim against it must therefore be dismissed.

B. **No Constitutional Violations**

Plaintiff's allegations that he has been subjected to a violation of the Ex Post Facto and Due Process clauses of the Constitution also fail to state a claim upon which relief may be granted.

Texas prisoners do not have a protected liberty interest in parole, so procedural or substantive due process grounds do not provide a basis for challenging state parole review

---

[1] Although the Eleventh Amendment does not bar suits for prospective injunctive relief against state officials in their official capacities, *see Ex Parte Young*, 209 U.S. 123 (1908), Plaintiff is not suing state officials.

procedures. *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir.1997); *Irving v. Thigpin*, 732 F.2d 1215, 1218 (5th Cir.1984) (where Mississippi parole law does not create a protected liberty interest, a prisoner "cannot maintain a section 1983 action or a habeas petition on the grounds that the parole board deprived him of procedural due process"). Plaintiff's due process claim therefore lacks an arguable basis in law.

Plaintiff also claims BPP applied standards enacted after his conviction to deny him parole, in violation of the Ex Post Facto clause. "Parole" is the "discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision and control of the pardons and paroles division." Tex. Gov't Code § 508.001(6)(West 2012). Release from "confined" custody in the form of parole to serve the remainder of one's sentence outside a prison, subject to specific conditions, is left solely to the discretion of BPP. Because the decision whether to parole or not to parole is discretionary, prisoners in Texas possess no constitutionally protected right to release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 422 U.S. 1, 7 (1979); *Madison v. Parker*, 104 F.3d 765, 768–69 (5th Cir.1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir.1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir.1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir.1993). A prisoner cannot complain of the constitutionality of procedural devices attendant to parole decisions where there is no constitutional right to expectancy of, or liberty interest in obtaining, parole in Texas. *Orellana*, 65 F.3d at 32. Plaintiff has also failed to state a claim under the Ex Post Facto clause.

## IV. RECOMMENDATION

The Court should **DISMISS** the complaint with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 30th day of December, 2014.**

                        IRMA CARRILLO RAMIREZ
                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                        IRMA CARRILLO RAMIREZ
                        UNITED STATES MAGISTRATE JUDGE